SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**BRYAN CHINWUBA, ILSB #6323733**
Bryan.Chinwuba@usdoj.gov
**CHRISTOPHER CARDANI, MASB #550609**
Christopher.Cardani@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**DAEJON LABRAYAE DELENAR LOVE,**

**Defendant.**

**3:26-cr-00419-IM**

**UNOPPOSED MOTION FOR PROTECTIVE ORDER**

The United States of America respectfully moves this Court for a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, limiting the copying and dissemination of certain sensitive materials set forth below. In the interest of providing timely discovery to the defendant, the government respectfully requests that the Court enter the accompanying order.

The indictment in this case charges defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. The government's investigation utilized confidential sources, analysis of voluminous phone records, public records, bank records and other materials; and obtained significant volumes of sensitive information, including personal and financial records.

The discovery materials in the case include highly sensitive information, including information regarding sources of information, personal, and financial information, private communications, data, photographs and videos obtained pursuant to search warrants. The discovery also includes voluminous records that contain personal identifying information, and financial information. Due to the large volume of discovery material, the frequency with which sensitive information appears throughout the documents, and the nature of the violations charged in this case, redaction of all discovery is not a feasible option.

As such, the government respectfully requests that the Court order that counsel of record, their investigators, assistants, and employees may review with defendant all discovery material produced by the government, and may provide defendant with copies of discovery that complies with this order, but shall not provide defendant with copies of, or unsupervised access to, any discovery material produced by the government which contains Sensitive Materials, which are defined as follows:

(a) Personal Identifying Information: Personal identifying information (PII) as identified in Rule 49.1 of the Federal Rules of Criminal Procedure of any individual, including without limitation, any individual's date of birth, social security number, address, telephone number, email address, driver's license number, professional license number, or family members' names; or

(b) Financial Information: Financial information of any individual or business, including without limitation, bank account numbers, credit or debit card numbers, account passwords, account names and contact information, account history, account balances, account statements, tax return information, or taxpayer identification numbers; or

(c) Confidential Source Information: Information regarding the government's confidential sources or sources of information, including audio/video recordings and images, criminal histories, arrest records and summaries of information provided to the government ("Confidential Source Information")

(d) Sealed Information: The contents of any sealed documents, to include search warrants applications, wiretap applications and their contents (affidavits, orders) and other court-ordered authorizations (e.g., pen registers, geolocation orders, tracking orders) ("Sealed Information")

The government requests that the Order not apply to the following materials: (i) materials that are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials, or materials that are publicly released by the U.S. Attorney's Office or the government of the United States; (ii) materials that the defense obtains by means other than discovery; and (iii) materials that pertain solely and directly to the defendant including the defendant's PII.

Discovery material that does not contain information listed in (a) through (d) above, may be provided to the defendant. The government and the defense will work together to ensure that these materials are protected and that defendant has unfettered access to as much material as can be provided consistent with this Court's order.

The government further moves the Court to order that defendant's counsel and defendant neither share any discovery material produced by the government with others not involved in case-related activities nor make any public disclosure of the same, without the government's express written permission, except that defense counsel may provide discovery materials to those persons employed by defense counsel who are necessary to assist counsel for trial or other proceedings.

The government further moves the Court to order that no person or entity authorized to access Sensitive Materials under the terms of this Order shall input, transmit, upload, process, generate output from, or otherwise expose any Sensitive Materials received pursuant to this Protective Order to any artificial intelligence ("AI") tool that would (i) retain or use any Sensitive Materials for model training, or (ii) expose any Sensitive Materials to third parties not authorized under this Protective Order to receive such materials. Under no circumstances shall any member of the defense team submit Sensitive Materials to any publicly accessible AI system that retains and/or uses submitted data to train models. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. These restrictions should not hinder defendant's ability to prepare for trial and will protect others from potential harassment or exposure to misuse of their confidential personal and financial information. Defense counsel reserves the right to seek modifications or changes with the government and the Court after a full review of the discovery provided. The parties will meet and confer regarding any discovery issues prior to bringing them to the Court's attention. The

parties understand that the Court retains jurisdiction to modify this Order, upon motion, even after the conclusion of district court proceedings in this case.

For the foregoing reasons, the government respectfully requests that the Court enter the proposed Protective Order.

Dated: October 15, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Bryan Chinwuba*
BRYAN CHINWUBA, ILSB #6323733
Assistant United States Attorney

*/s/ Christopher Cardani*
CHRISTOPHER CARDANI, MASB #550609
Assistant United States Attorney